IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| NATIONAL PRODUCE CONSULTANTS, LLC, | § § § § § | |
| Plaintiff, | § | |
| VS. | § § | Case No. 4:14cv505 (consolidated with 4:14cv755) |
| | § | |
| DINING ALLIANCE, INC. and CONSOLIDATED CONCEPTS, INC., | § § § | |
| Defendants. | § § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE[1]

In this consolidated action, Defendants Dining Alliance, Inc. ("DA") and Consolidated Concepts, Inc. ("CC") seek the issuance of a preliminary injunction order. Plaintiff National Produce Consultants, LLC ("NPC") opposes the relief requested. As set forth below, the Court finds that Defendants' Motion for Entry of Preliminary Injunction (Dkt. 28) should be GRANTED.

A party seeking injunctive relief must show:

(1)  a substantial likelihood of success on the merits,

(2)  a substantial threat that the movant will suffer irreparable harm if the injunction is not granted,

(3)  that the threatened injury outweighs any damage that the injunction might cause the non-movant, and

---

[1] This case was randomly assigned to the undersigned Magistrate Judge. With the written consent of all parties, a magistrate judge may conduct all proceedings in a case, including all pretrial and trial proceedings, entry of judgment and post trial motions. 28 U.S.C. § 636(c). The Court addresses this dispositive relief in the form of a report and recommendation since the parties have not consented to the undersigned to date.

(4) that the injunction will not disserve the public interest.

*Palmer v. Waxahachie Indep. Sch. Dist.*, 579 F.3d 502, 506 (5th Cir. 2009); *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008). The movant bears the burden to prove all four requirements in order to be entitled to injunctive relief. *Palmer*, 579 F.3d at 506.

Having heard the arguments presented at the December 17, 2014 hearing,[2] the Court finds that Defendants have shown the need for preliminary injunctive relief in this consolidated matter. Specifically, the Court finds that:

1. DA and CC have demonstrated a likelihood of success on the merits of their claims against NPC regarding its obligations under the Strategic Marketing Agreement;

2. In the absence of the requested injunctive relief, DA and CC will suffer irreparable harm in the form of loss of goodwill, harm to reputation, and disruption of their business occasioned by the loss of business from their customers and members;

3. Greater injury will be inflicted upon DA and CC by denial of injunctive relief than would be inflicted upon NPC by the granting of such relief; and

4. The issuance of injunctive relief will not disserve the public interest.

For these reasons, and having heard the additional argument presented at the January 12, 2015 telephonic hearing, the Court finds that the Motion for Entry of Preliminary Injunction (Dkt. 28) should be GRANTED, a preliminary injunction order should be entered, and it be ordered that:

A. NPC is prohibited from soliciting or communicating in any manner with DA's

---

[2]The Court considered the request for injunctive relief before this matter was consolidated and, to ensure clarity in the record, requested that a motion be re-filed in the lead case after consolidation. *See* Dkts. 23 & 24.

    members and CC's customers for the purpose of entering into direct contracts or servicing arrangement with those members and customers;

  B. NPC shall provide DA and CC with full and complete reporting with respect to all purchases made by any member of DA and any customer of CC;

  C. NPC shall provide DA and CC with reporting with full and complete respect to all purchases made by any member or customer that DA or CC referred to NPC, but instead went around DA or CC and entered into a direct contract or servicing arrangement with NPC; and

  D. With respect to those members and customers for which NPC has entered into direct contracts or servicing arrangement, NPC shall provide DA and CC with full and complete reporting with respect to all purchases made by such members or customers and remit that portion of the administrative fees owed to DA/CC consistent with the existing provision of the Strategic Marketing Agreement relative to reporting and payment of the administrative fees to DA and CC.

  Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

  A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted

by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 13th day of January, 2015.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE