# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| NATIONAL PRODUCE CONSULTANTS, LLC, | § § § § | |
| Plaintiff, | § | |
| VS. | § § § | Case No. 4:14cv505 (consolidated with 4:14cv755) Judge Mazzant/Judge Bush |
| DINING ALLIANCE, INC. and CONSOLIDATED CONCEPTS, INC., | § § § | |
| Defendants. | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On January 13, 2015, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Defendants' Motion for Entry of Preliminary Injunction (Dkt. #28) be GRANTED.

On January 28, 2105, Plaintiff National Produce Consultants, LLC filed objections to the Magistrate Judge's report (*see* Dkt. #39). Plaintiff argues that the Magistrate Judge's recommended injunction is improper because it includes the payment of disputed administrative fees for which there is an adequate remedy at law in the form of monetary damages after a trial on the merits. Plaintiff also argues that the payment terms in the recommended injunction alter the status quo rather than preserve it and would essentially cause Plaintiff to work for free. Plaintiff argues and that the

1

injunctive relief is not supported or is insufficiently supported by proper evidence; that there is insufficient evidence to show that Defendants are likely to succeed on their breach of contract counterclaim; that there is no, or insufficient, evidence of irreparable harm; that the report fails to balance the hardships on Plaintiff; and that there is insufficient evidence to show that the public interest is served by the issuance of injunctive relief. Plaintiff further argues that the report recommends an order that does not comply with the specificity requirement in Federal Rule of Civil Procedure 65(d), that the report recommends injunctive relief in the absence of a surety bond sufficient to meet Rule 65(c)'s requirements, and that the report incorrectly suggests that injunctive relief is properly before the Court.

On February 10, 2015, Defendants Dining Alliance, Inc. and Consolidated Concepts, Inc. filed their response to Plaintiff's objections (*see* Dkt. #41). Defendants argue that Plaintiff's objections contradict the terms of injunctive relief it agreed to at oral argument, at the parties' telephonic hearing, and in Plaintiff's own proposed order. Defendants further argue that Plaintiff's conduct has caused and continues to threaten irreparable harm to them for which money damages are inadequate because, in the absence of an injunction, Defendants are at risk of losing customers and good will with customers and prospective customers. Defendants argue that the Magistrate Judge's report preserves that status quo by requiring Plaintiff to comply with the terms of the parties' Strategic Marketing Agreement. Defendants further argue that, having agreed to the grant of injunctive relief at the hearing before the Magistrate Judge, Plaintiff cannot now complain about the adequacy of the evidence presented and that, in any event, the evidence submitted by Defendants is competent and admissible and was more than sufficient to support the Magistrate Judge's findings

that Defendants are at a substantial risk of losing their business as a result of Plaintiff's actions. Specifically, Defendants counter that sufficient evidence was before the Magistrate Judge to show a likelihood of success on the merits of their claim that Plaintiff breached the parties' Strategic Marketing Agreement by soliciting and entering into direct agreements with the customers Defendants referred to Plaintiff to manage their produce purchases. Defendants further respond that the Magistrate Judge correctly balanced the harms here and that public interest weighs in favor of the injunction.

As to Plaintiff's objections that the proposed injunction order that does not comply with Federal Rule of Civil Procedure 65, Defendants respond that the proposed injunction is specific and describes the acts to be restrained, that Plaintiff did not present any evidence or argument to the Magistrate Judge regarding a security bond, and that a court may properly elect to require no security at all under Rule 65. For these reasons, Defendants argue, the Court should accept the Magistrate Judge's report in full and order the injunctive relief recommended therein.[1]

On February 19, 2015, Plaintiff filed its reply to Defendants' response, arguing that it never agreed that Defendants were entitled to a preliminary injunction, that Defendants failed to present competent evidence establishing their entitlement to a preliminary injunction, and that Defendants wrongly claim that the Magistrate Judge's recommendations preserve the status quo (*see* Dkt. #47). Plaintiff further argues that it did not waive its objections to certain materials presented to the Magistrate Judge and that it need not introduce evidence of damages to secure a bond.

---

[1]The Court notes that Defendants also argue that Plaintiff's objections fail to comply with the Court's local rules because they exceed the page limits. Since the filing of the objections, Plaintiff sought leave to file an over-length document, and such leave was granted by the Magistrate Judge on February 20, 2015. (*See* Dkt. #48).

The Court has made a *de novo* review of the objections raised by Plaintiff, as well as Defendants' response and Plaintiff's reply, and is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit as to the ultimate findings of the Magistrate Judge. The Court finds that, contrary to Plaintiff's arguments, the record before the Court indicates that an agreement was reached by the parties regarding the issuance of injunctive relief but there was some dispute as to some of the terms of such relief.

Specifically, the record indicates that on December 17, 2014, the Magistrate Judge held a hearing on the parties' motion to consolidate Case Numbers 4:14cv505 and 4:14cv755 and on a motion for injunctive relief filed in 4:14cv755. (*See* Dkt. #23 & 36). According to the transcript of that hearing, the Magistrate Judge reviewed with the parties the grounds for injunctive relief, the materials attached to the motion, and the proposed terms of the relief. The Magistrate Judge then recessed the hearing to allow counsel to work out terms of an injunction, stating that if the parties could not resolve it he would allow them to put on any witnesses or evidence as to the matters to which they could not agree. (Dkt. #36 at PageID #283-84). When the hearing resumed, counsel for Plaintiff stated that the parties were close to reaching an agreement, and the Magistrate Judge continued to work with the parties on possible terms of an agreed injunction. The Magistrate Judge stated that he would recommend injunctive relief as discussed because it was in the Strategic Marketing Agreement and directed the parties to submit the agreed terms of the injunction to the Court by December 22, 2014. (Dkt. #36 at PageID#308). On December 18, 2014, the Magistrate Judge issued a written order reflecting the findings at the December 17, 2014 hearing, granting the motion to consolidate and directing the parties to file their proposal regarding injunctive relief as a

Motion for Entry of Agreed Preliminary Injunction in the lead case to ensure clarity in the record. (Dkt. #24).

Defendants filed their proposal on December 24, 2014, Plaintiffs responded on January 5, 2015, indicating the parties were did not submit a joint proposal because "the parties were unable to agree to the form and substance of the proposed order." (*See* Dkts. #28 & 30). The Magistrate Judge held a telephonic hearing on the parties' proposals on January 12, 2015, after which the Magistrate Judge recommended that Defendants' proposed injunction be entered. (*See* Dkts. #31, 33, & 37). The Court is not convinced by Plaintiff's objections to the report and recommendation on this grounds.

The Court notes that the Magistrate Judge based his initial findings regarding injunctive relief on a consideration of the materials attached to the motion filed prior to the consolidation of two cases between the parties. According to the Magistrate Judge's order of consolidation, the motion was rendered moot to ensure clarity in the record in light of the parties' agreement and the consolidation of the cases; it did not invalidate the request for injunctive relief or the Magistrate Judge's deliberations at the December 17, 2014 hearing. (*See* Dkt. #24).

The Court further finds that the recommended injunction preserves that status quo by requiring Plaintiff to comply with the terms of the parties' Strategic Marketing Agreement and is sufficiently specific to comply with Rule 65. The recommended injunction clearly states, in specific terms, the reasons why it is issued and describes in reasonable detail the acts to be restrained. FED. R. CIV. P. 65(d)(1). Further, because there is nothing in the record that would show that Plaintiff requested the issuance of any security in conjunction with the injunctive relief, it cannot form the

basis of an objection here. The amount, if any, of security is a matter within the Court's discretion, and it was within the Magistrate Judge's discretion to not require any security here, especially when no argument about a bond was made by Plaintiff. *See Corrigan Dispatch Co. v. Casa Guzman, S. A.*, 569 F.2d 300, 303 (5th Cir. 1978).

As to Plaintiff's other objections, the Court further finds that there is sufficient evidence in the record to support the Magistrate Judge's findings that Defendants face irreparable harm and do not have an adequate remedy at law; that Defendants have demonstrated a likelihood of success on the merits of their claims under the Strategic Marketing Agreement; that Defendants will suffer irreparable harm in the form of loss of goodwill, harm to reputation, and disruption of their business occasioned by the loss of business from their customers and members without the issuance of injunctive relief; that greater injury will be inflicted upon Defendants by denial of injunctive relief than would be inflicted upon Plaintiff by the granting of such relief; and that the issuance of injunctive relief will not disserve the public interest.

The Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of this Court.

Therefore, Defendants' Motion for Entry of Preliminary Injunction (Dkt. #28) is GRANTED and a preliminary injunction will be entered as recommended.

**It is SO ORDERED.**
**SIGNED this 20th day of April, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE